UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
RUISDAEL CORDERO,

        Plaintiff,                        **MEMORANDUM AND ORDER**
                                                                            15-CV-5601 (RRM) (ST)
       -against-

AT&T[1],

        Defendant.
----------------------------------------------------------x
ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiff Ruisdael Cordero brought this Fair Credit Reporting Act ("FCRA") action, against defendant AT&T[1] on September 29, 2015. (*See* Compl. (Doc. No. 1) at 1.)[2] AT&T did not appear and on December 4, 2015, the Clerk's office entered default pursuant to Federal Rule of Civil Procedure ("Rule") 55(a). Cordero did not subsequently move for default judgment, and on February 26, 2016, AT&T appeared through counsel and filed a proposed schedule for briefing AT&T's anticipated motion to vacate the entry of default, which the Court approved. (*See* Notice of Appearance (Doc. No. 7); Proposed Scheduling Order (Doc. No. 8).) For the reasons discussed below, AT&T's motion to vacate the Clerk's entry of default is granted.

## BACKGROUND

      Cordero brought this action seeking damages and declaratory and injunctive relief for alleged violations of the FCRA. (Compl. ¶ 1.) As a brief overview of the underlying claim, Cordero alleges that he purchased an AT&T Iphone 5 in April 2013. (*Id.* ¶ 11.) Cordero alleges

---

[1] Defendant asserts that there is no entity by the name of "AT&T," and instead, Cordero should have named New Cingular Wireless PCS, LLC d/b/a AT&T Mobility ("New Cingular") as the defendant. (Best Decl. (Doc. No. 9-4) ¶ 2.) For uniformity, the Court will refer to defendant as AT&T herein, but notes that defendant has represented that New Cingular will stipulate to amending the complaint so that it can be named as defendant should the Court grant its motion to vacate the entry of default. (Mem. Vacate Default (Doc. No. 10) at 4 n.1.)

[2] For ease of reference, citations to court documents utilize ECF pagination.

that he was the victim of identity theft in December 2013, and, in January 2014, Cordero received a statement from AT&T claiming a balance due in the amount of $2,851.58 indicating data usage by telephone numbers that allegedly did not belong to Cordero. (*Id.* ¶¶ 12, 13.) According to Cordero, he called AT&T – which he asserts is a "creditor reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(b) and (f) – to advise that he was the victim of identity theft. Cordero claims that the AT&T representative refused to provide him with information about the new numbers on his account and his account was ultimately canceled due to the unpaid balance. (*Id.* ¶¶ 14, 16.) Despite Cordero's dispute of the debt's validity, AT&T allegedly placed Cordero's account in collections with a debt collector and authorized reporting on Cordero's credit report. (*Id.* ¶ 22–23.) Cordero's credit report showed that his account was in collections but made no mention of Cordero's dispute of the debt. (*Id.* ¶ 22.)

On September 29, 2015, Cordero filed this action, alleging, *inter alia*, that AT&T's failure to reasonably investigate his claims and remove inaccurate information from Cordero's credit file constitutes an FCRA violation. (*See id.* ¶¶ 34–52.) The summons and complaint were served on October 5, 2015, on an individual by the name of Andrew Awad at an AT&T facility in Paramus, New Jersey. (Aff. of Service. (Doc. No. 5).) On December 4, 2015, after AT&T failed to appear, Cordero requested, and the Clerk of Court entered, default pursuant to Rule 55(a). As set forth above, on February 26, 2016, AT&T appeared through counsel and subsequently moved to vacate the entry of default. (Mot. to Vacate (Doc. No. 9).)

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P.

55(a). Pursuant to Rule 55(b)(2), upon application of the party seeking default, the Court may then enter default judgment.[3] Fed. R. Civ. P. 55(b)(2). However, before default judgment is entered, a defendant may move to set aside an entry of default pursuant to Rule 55(c) for "good cause." Fed. R. Civ. P. 55(c). "[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp.*, 10 F.3d at 96. Moreover, default is considered an "extreme measure [that] should be reserved by a trial court as a final, not a first, sanction imposed on a litigant." *Id.*

## DISCUSSION

In determining whether good cause exists for relieving a party from a finding of default under Rule 55(c), courts consider "[1] the willfulness of the default, [2] the existence of a meritorious defense, and [3] the level of prejudice that the non-defaulting party may suffer should relief be granted." *Sibley v. Choice Hotels Int'l, Inc.*, 304 F.R.D. 125, 130 (E.D.N.Y. 2015) (quoting *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001)); *see also Enron Oil Corp.*, 10 F.3d at 96.

**I. Willfulness**

A finding of willfulness is appropriate where "there is 'evidence of bad faith' or the default arose 'from egregious or deliberate conduct.'" *Holland v. James,* No. 05-CV-5346 (KMW), 2008 WL 3884354, at *2 (S.D.N.Y. Aug. 21, 2008) (quoting *Am. Alliance Ins. Co. v. Eagle Ins. Co.,* 92 F.3d 57, 60–61 (2d Cir.1996)). In other words, "[a] default is willful if it is 'more than merely negligent or careless, but is instead egregious and not satisfactorily explained.'" *Llolla v. Karen Gardens Apt. Corp.*, 12-CV-1356 (MKB), 2016 WL 233665, at *2

---

[3] Under Rule 55(b)(1), if the plaintiff's claim is for a sum certain, the clerk may enter a judgment against a defendant who has failed to appear without the involvement of a judge if furnished with an affidavit of the amount due. Fed. R. Civ. P. 55(b)(1); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993).

(E.D.N.Y. Jan. 20, 2016). Under this standard, "failure to answer the complaint . . . due to a filing mistake by [defendant's] in-house counsel's clerk" has been held not to be "willful, deliberate, or evidence of bad faith." *See Am. Alliance Ins.*, 92 F.3d at 61.

Here, default was not willful. AT&T asserts that the summons and complaint were served at an AT&T Mobility LLC[4] facility in Paramus, New Jersey, and were then forwarded to a corporate center for the processing of subpoenas located in North Palm Beach, Florida. (Endres Decl. ¶ 2.) The documents were then sent to a paralegal employed in the AT&T Services, Inc. Legal Department in Bedminster, New Jersey, who sent them to Jam Endres – a clerk employed by AT&T Services, Inc.'s Legal Department whose job includes forwarding legal documents to outside counsel retained to represent AT&T Inc. and its affiliated entities – with instructions to forward them to the law firm of Lynch Rowin LLP. (*Id.* ¶¶ 1–2.) Endres then put the papers aside and forgot to send them to outside counsel. (*Id.* ¶ 3.) While AT&T's conduct was careless and negligent, it does not rise to the level of willfulness necessary to require the extreme remedy of default judgment. *See Am. Alliance Ins.*, 92 F.3d at 61. Even in the context of a Rule 60 motion to vacate default judgment, where courts apply a stricter and more rigorous standard than in the case of a Rule 55(c) vacature of entry of default, the Second Circuit has declined to expand the definition of "willfulness" to include "carelessness or negligent errors." *Am. Alliance Ins. Co.*, 92 F.3d at 59, 61; *see also Enron Oil Corp.*, 10 F.3d at 96 ("Although the factors examined in deciding whether to set aside a default or a default judgment are the same, courts apply the factors more rigorously in the case of a default judgment."). Accordingly, the first factor weighs in favor of granting AT&T's motion to vacate entry of default.

---

[4] The corporate structure of and relationships between the various AT&T entities referenced throughout AT&T's papers – AT&T Mobility LLC, AT&T Mobility Services LLC, and AT&T Services, Inc. – is not clear from AT&T's submissions.

4

**II. Meritorious Defense**

For a defense to be meritorious at this stage, is need not be ultimately persuasive. *Am. Alliance Ins.*, 92 F. 3d at 61. Instead, "'[a] meritorious defense exists if based on the defendant's version of events, the factfinder has some determination to make.'" *Sibley v. Choice Hotls Int'l, Inc.*, 304 F.R.D. 125, 131 (E.D.N.Y. 2015) (quoting *Am. Stevedoring, Inc. v. Banana Distribs., Inc.,* No. 98–CV–5782 (BSJ), 1999 WL 731425, at *3 (S.D.N.Y. Sept. 20, 1999)). Here, AT&T raises several defenses.

  A. <u>Improper Service</u>

First, AT&T asserts that the summons and complaint were improperly served and the wrong entity was named. Where service on an incorrect entity is improperly made, default entered against the defendant must be vacated. *Icon DE Holdings LLC v. Eastside Distributors*, No. 14-CV-2832 (PAE), 2015 WL 4557278, at *3 (S.D.N.Y. July 28, 2015). This is because "[a] default judgment is void if it is rendered by a court that lacks jurisdiction over the parties. . . [and i]n order for a district court to exercise personal jurisdiction over a defendant, the plaintiff's service of process upon the defendant must have been procedurally proper." *Llolla*, 2016 WL 233665, at *5 (internal citations and quotation marks omitted).

Under Rule 4(h) and New York Civil Procedure Law and Rule ("CPLR") 311(a)(1), which govern the service of process on a corporation, partnership, or association, service may be made on "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."[5] Fed. R. Civ. P. 4(h); *see also* N.Y. CPLR § 311(a)(1); *Llolla*, 2016 WL 233665, at *5. A "managing or general agent" is a person "empowered with

---
[5] Rule 4(h)(1)(A) also provides that service may be made pursuant to Rule 4(e)(1), which permits a plaintiff to follow "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

supervisory authority and [who] possesses judgment and discretion to take action on behalf of the corporation. *Llolla*, 2016 WL 233665, at *5. CPLR 311(a)(1), also allows for service on a corporation's director, cashier, and assistant cashier.[6] N.Y. CPLR § 311(a)(1).

AT&T alleges that the person to whom Cordero delivered the summons and complaint was not capable of receiving service under these rules. (Mem. Vacate Default at 4.) In support of this assertion, AT&T submitted a declaration of Andrew Awad, the person to whom the summons and complaint were delivered. (*See* Awad Decl. (Doc. No. 9-2).) Awad's declaration establishes that he is employed by AT&T Mobility LLC as a Lead Analyst, Asset Protection at its location in Paramus, New Jersey. (*Id.* ¶ 1.) His only responsibility is to conduct internal investigations of suspected code of conduct violations. (*Id.* ¶ 2.) Awad attests that the Paramus, New Jersey location is not AT&T's headquarters or a principal place of business for any AT&T entity. (*Id.* ¶ 3.) He is not an officer, director, managing or general agent, cashier or assistant cashier of any AT&T entity and he is not an agent authorized by appointment or law to receive process for any such entity. (*Id.* ¶ 3.) Further, AT&T alleges that Cordero named the incorrect entity in his action. AT&T supports this assertion with a declaration of John C. Best, a manager with AT&T Mobility Services LLC's executive response team, which explains that the wireless telephone services relevant here were provided to Cordero by Cingular Wireless PCS, LLC d/b/a AT&T Mobility and that no entity named "AT&T" exists. (Best Decl. ¶ 1.)

Though Cordero challenges AT&T's assertions of improper service by stating that Awad informed the process server that he was an agent who could receive service – an assertion that

---

[6] The Rules of Court in New Jersey, where the summons and complaint were served, similarly allow for "service upon a domestic corporation [to] be performed by personal service upon 'any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof." *Mettle v. First Union Nat'l Bank*, 279 F. Supp. 2d 598, 602–03 (D.N.J. 2003) (quoting New Jersey Court Rule 4:4–4(a)(6)).

Awad disputes in a response affidavit (Awad Supp. Decl. (Doc. No. 12) ¶ 3 ("I am not authorized to accept service of process for any AT&T entity and I have never told a process server that I was.")) – and that Cordero received correspondence from AT&T naming AT&T as the service provider and AT&T "should not be able to hold itself out under one name (AT&T) and then later on claim that its name for suit purposes is something entirely different," (Mem. Opp'n (Doc. No. 11) at 6), "all doubts must be resolved in favor of trial on the merits."[7] *Enron Oil Corp.*, 10 F.3d at 98 (finding that a dispute over service must be resolved in favor of the party moving to vacate default). Thus, AT&T's challenges to service raise a meritorious defense within the meaning of Rule 55(c) and weigh in favor of vacating the entry of default.

B. Arbitration Requirement

Additionally, AT&T alleges that, pursuant to Cordero's agreement with New Cingular, Cordero is required to arbitrate claims relating to wireless services. (Best Decl. ¶ 8; Decl. Ex. C ("Wireless Customer Agreement") (Doc. No. 9-7) at 3.) AT&T supports this assertion with a declaration of John Best, a manager with the Executive Response Team at AT&T Mobility Services LLC, asserting that pursuant to Cordero's wireless customer agreement, Cordero "is required to arbitrate all claims relating to the wireless service provided to him, including claims arising out of status." (Best Decl. ¶ 8.) Best attaches to his declaration excerpts of the wireless agreement that he alleges govern Cordero's relationship with his wireless provider. (Wireless Customer Agreement.) Under this agreement, the customer agrees to "arbitrate all disputes and claims" between himself and the provider, including "claims arising out of or relating to any aspect of the relationship between [them], whether based in contract, tort, statute, fraud, misrepresentation or any other legal theory." (*Id.* § 2.2.) Such agreements to arbitrate have

---

[7] The Court also notes that Cordero did not support this argument with *any* legal authorities. In fact, Cordero cites only one legal authority in the whole of his memorandum of law.

7

been found to provide a "meritorious defense that, if established, would constitute a complete defense" to the lawsuit. *Kulwa v. Obiakor OB/GYN P.C.*, No. 12-CV-1878 (JG), 2013 WL 504383, at *6 (E.D.N.Y. Feb. 8, 2013). Accordingly, AT&T has raised a meritorious defense within the meaning of Rule 55(c) and this factor weighs in favor of granting vacature of the entry of default.[8]

## III. Prejudice

"Prejudice results when delay causes the loss of evidence, create[s] increased difficulties of discovery or provide[s] greater opportunity for fraud and collusion." *Ward v. Ramkalawan,* No. 11–CV–4295 (JS) (ARL), 2013 WL 1149108, at *5 (E.D.N.Y. Feb. 11, 2013) (internal quotation marks omitted), *report and recommendation adopted by* 2013 WL 1149068 (E.D.N.Y. Mar. 19, 2013). Accordingly, "delay alone is not a sufficient basis for establishing prejudice." *Id.* (internal quotation marks and citation omitted); *see also Enron Oil Corp.* 10 F.3d at 98 ("[D]elay standing alone does not establish prejudice."). Here, this case is in its early stages, there is no indication that evidence has been lost or that vacating the default will result in difficulties of discovery, and Cordero has not argued that he was prejudiced by the delay. Accordingly, this final factor weighs in favor of granting vacature of the entry of default.

---

[8] AT&T raises another potentially meritorious defense, asserting that it is not a consumer reporting agency ("CRA") as defined by the FCRA and, that as a furnisher of information, it is only liable if it received a complaint from a CRA as opposed to directly from the consumer, which it allegedly did not. However, AT&T provides scant factual evidence supporting its assertion that is it not a CRA. It merely notes in its memorandum of law that telecommunication providers have been named as information providers in other FCRA cases. (Mem. Vacate Default at 6.) "A defendant seeking to vacate a default judgment bears the burden of offering evidence sufficient to establish a complete defense." *Llolla*, 2016 WL 233665, at *4 (citation and internal quotation marks omitted). However, because the Court has already found that this Rule 55(c) factor weighs in AT&T's favor based on its other meritorious defenses, the Court does not reach the question of whether AT&T raises a meritorious defense with respect to its classification as a CRA. *See id.*, at *4 n.3 (declining to make a finding as to whether one of defendants' affirmative defenses was meritorious where the court already found another affirmative defense meritorious).

## CONCLUSION

Each of the Rule 55(c) factors weighs in favor of vacating the Clerk's entry of default. Accordingly, AT&T has demonstrated "good cause" pursuant to Rule 55(c), and its motion to vacate its default (Doc. No. 9) is granted.

This action is committed to the assigned Magistrate Judge for supervision of all pre-trial matters.

SO ORDERED.

Dated: Brooklyn, New York
      January 4, 2017

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge